

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

|  |  |
|---|---|
| IN RE INPHONIC, INC. )<br>CONSUMER LITIGATION ) | MDL No. _____ |

### MEMORANDUM IN SUPPORT OF MOTION FOR TRANSFER AND CONSOLIDATION PURSUANT TO 28 U.S.C. § 1407 BY DEFENDANT INPHONIC, INC.

This memorandum is respectfully submitted pursuant to 28 U.S.C. § 1407 and Rule 7.2(a)(i) of the Rules of the Judicial Panel on Multidistrict Litigation in support of the motion for transfer and consolidation by Defendant InPhonic, Inc. ("InPhonic"). The four pending cases[1] proposed for transfer and consolidation each purport to be class actions arising out of wireless phone rebates offered by or through InPhonic (the "InPhonic Actions," as listed in the attached Schedule of Actions (Exhibit 2)). These nearly identical purported class actions satisfy all of the criteria for transfer and consolidation set forth in the Multidistrict Litigation ("MDL") statute, 28 U.S.C. § 1407.[2]

---

[1]    *Davis v. InPhonic, Inc.*, Case No. 1:06-cv-00528 (D.D.C.) ("*Davis* Cplt."); *Rock, et al. v. InPhonic, Inc.*, Case No. 2:06-cv-02156 (D.N.J.) ("*Rock* Cplt."); *Hongyi Yu, et al. v. InPhonic, Inc.*, Case No. 1:06-cv-00951 (D.D.C.) ("*Hongyi Yu* Cplt."); *Sutherland v. InPhonic, Inc., et al.*, Case No. 1:06-cv-03281 (N.D. Ill.) ("*Sutherland* Cplt.").

[2]    The MDL statute provides that:

When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated

In particular, the InPhonic Actions are currently "pending in different districts," and present as among the four actions, multiple alleged "common questions of fact." 28 U.S.C. § 1407. Moreover, their transfer and consolidation will further "the convenience of parties and witnesses and will promote the just and efficient conduct of such actions" by (1) eliminating duplicative discovery; (2) preventing conflicting pretrial rulings (especially as to class certification); (3) conserving judicial resources and reducing the costs of litigation for the parties involved; and (4) allowing the cases to proceed in a more efficient, organized manner. InPhonic respectfully submits that Judge Ellen Segal Huvelle of the United States District Court for the District of Columbia is best situated to preside over the InPhonic Actions should the Panel grant this motion for transfer and consolidation.

## BACKGROUND

### I.    FACTUAL ALLEGATIONS

The complaints in the InPhonic Actions claim damages resulting from the same alleged conduct—the manner in which InPhonic offered and processed rebates on wireless telephones purchased through InPhonic websites.[3] According to the complaints, InPhonic "sells and activates

---

pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation . . . upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

28 U.S.C. § 1407(a).

[3]    *See, e.g, Davis* Cplt., ¶ 1 ("This consumer class action arises from InPhonic, Inc.'s . . . . deceptive and unlawful conduct in failing to honor rebates offered to its customers."); *Hongyi Yu* Cplt., ¶ 4 ("This class action concerns a sophisticated internet retailer that has become a market leader by offering rebates that purport to reduce prices below that of the competition."); *Rock* Cplt., ¶ 1 ("This is a class action brought on behalf of . . . consumers who purchased wireless telephones and devices that were eligible for a rebate from Defendant, and against whom the Defendant committed deceptive, fraudulent and unlawful practices in conjunction with the processing and issuing of such rebates."); *Sutherland* Cplt., ¶ 1 ("Plaintiff . . . and all those similarly situated . . . relied up[on] InPhonic's deceptive advertisements claiming to provide consumers with deep price discounts and a 'Customer Loyalty Rebate' . . . .").

wireless services through private-labeled Web sites that it creates and manages for third parties . . . . It also sells through its own branded web sites, such as Wirefly.com." *Davis* Cplt., ¶ 4; *see also Hongyi Yu* Cplt., ¶¶ 5-7; *Rock* Cplt., ¶ 4; *Sutherland* Cplt., ¶¶ 10-11. The complaints further allege that InPhonic offers various rebates in conjunction with its online sales to wireless phone purchasers who activate an account with one of several wireless carriers. *Davis* Cplt., at ¶¶ 8-9; *Hongyi Yu* Cplt., ¶¶ 5-9; *Rock* Cplt., ¶¶ 4, 8-9; *Sutherland* Cplt., ¶¶ 10-13.

Each one of the InPhonic Actions alleges that InPhonic administered its wireless phone rebate program in a manner that purportedly damaged plaintiffs and a class of similarly situated persons. *See* note 3, *supra.* For example, Plaintiffs allege that InPhonic purportedly failed to adequately disclose the terms of its rebates,[4] honor valid rebate claims filed by customers,[5] and unreasonably delayed the processing of rebate claims.[6] The InPhonic Actions likewise assert similar theories of liability, including, *inter alia*, violations of the District of Columbia and state consumer protection statutes, fraud, negligent misrepresentation, unjust enrichment, conversion, and breach of contract.[7] Based on these similar factual allegations and legal theories, plaintiffs in the InPhonic Actions contend that those actions are suitable for class treatment under Rule 23(b)(3) of the Federal Rules of Civil Procedure. *See Davis* Cplt., ¶¶ 20, 25; *Hongyi Yu* Cplt., ¶¶ 31, 35, 38; *Rock* Cplt., ¶ 34; *Sutherland* Cplt., ¶ 47.

---

[4]    *See, e.g., Davis* Cplt., at ¶¶ 19, 27-34; *Hongyi Yu* Cplt., ¶¶ 13-27; *Rock* Cplt., ¶¶ 17-18; *Sutherland* Cplt., ¶¶ 13-19, 21-23.

[5]    *See, e.g., Davis* Cplt., at ¶¶ 12-15, 19; *Hongyi Yu* Cplt., ¶ 25; *Rock* Cplt., ¶¶ 10-16; *Sutherland* Cplt., ¶¶ 20-21, 23-38.

[6]    *See, e.g., Davis* Cplt., at ¶¶ 13-14, 19; *Hongyi Yu* Cplt., ¶¶ 21-24, 27; *Rock* Cplt., ¶¶ 1, 15-16, 30, 50; *Sutherland* Cplt., ¶¶ 20-21, 24-25 .

[7]    *See Davis* Cplt., ¶¶ 27-36(i), (n) & (ee), 38-41; *Hongyi Yu* Cplt., ¶¶ 39-48, 49-52, 53-58, 59-65, 66-69; *Rock* Cplt., ¶¶ 36-46, 47-55, 56-57; *Sutherland* Cplt., ¶¶ 55-62, 63-67, 68-71, 72-75, 76-79, 80-83.

## II.    PROCEDURAL HISTORY

The following four purported class actions have been filed by persons who claim to have been damaged by the manner in which InPhonic offered and processed rebates on wireless phones purchased through InPhonic:

1.    *Davis v. InPhonic, Inc.*, Case No. 1:06-cv-00528 (D.D.C.) (filed March 21, 2006).

2.    *Rock, et al. v. InPhonic, Inc.*, Case No. 2:06-cv-02156 (D.N.J.) (filed April 3, 2006 in New Jersey Superior Court; removed May 10, 2006; complaint amended June 14, 2006).

3.    *Hongyi Yu, et al. v. InPhonic, Inc.*, Case No. 1:06-cv-00951 (D.D.C.) (filed May 19, 2006).

4.    *Sutherland v. InPhonic, Inc., et al.*, Case No. 1:06-cv-03281 (N.D. Ill.) (filed June 16, 2006).

On June 12, 2006, InPhonic filed a notification of related cases in both the *Davis* and *Hongyi Yu* actions pending in the United States District Court for the District of Columbia. *Davis* Dkt. #2; *Hongyi Yu* Dkt. #6. A status hearing has been set in the *Sutherland* matter for August 17, 2006. *Sutherland* Dkt. #8.[8]

### ARGUMENT

## I.    THE INPHONIC ACTIONS WARRANT TRANSFER AND CONSOLIDATION PURSUANT TO 28 U.S.C. § 1407.

The MDL statute provides that civil actions "pending in different districts" and "involving one or more common questions of fact" may be transferred to a single district for consolidated pretrial proceedings. 28 U.S.C. § 1407. "Such transfers shall be made by the judicial panel on multidistrict litigation . . . upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such

---

[8]    InPhonic's response to the four actions is due as follows: *Rock*, July 28, 2006 (by stipulation); *Hongyi Yu*, July 21, 2006 (pursuant to waiver of service of summons); and *Davis*, motion to extend response date until July 21, 2006 pending; *Sutherland*, on or about August 15, 2006 (pursuant to waiver of service of summons).

actions." *Id.* The Panel has held that transfer and consolidation is appropriate where it will serve the objective of § 1407, which is "to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save time and effort on the part of the parties, the attorneys, the witnesses, and the courts." MOORE'S FEDERAL PRACTICE, MANUAL FOR COMPLEX LITIGATION (THIRD), § 31.131, at 286 (3d ed. 2000) (citing *In re Plumbing Fixture Cases*, 298 F. Supp. 484 (J.P.M.L. 1968)).

Applying this standard, the Panel has consistently certified for MDL treatment putative class actions pending in different federal district courts that are based on the same alleged course of conduct and that seek to certify similar classes.[9] Indeed, where there are "are [two] overlapping putative class actions brought on behalf of purchasers of" telephone-related services "marketed by common and/or affiliated defendants," the Panel has held that MDL treatment is both appropriate

---

[9]    *See In re Intel Corp. Microprocessor Antitrust Litig.*, 403 F. Supp. 2d 1356 (J.P.M.L. 2005); *In re Xyberbaut Corp. Securities Litig.*, 403 F. Supp. 2d 1354 (J.P.M.L. 2005); *In re Guidant Corp. Implantable Defibrillators Products Liability Litig.*, 398 F. Supp. 2d 1371 (J.P.M.L. 2005); *In re Ford Motor Co. Speed Control Deactivation Switch Products Liability Litig.*, 398 F. Supp. 2d 1365 (J.P.M.L. 2005); *In re M3Power Razor System Marketing & Sales Practices Litig.*, 398 F. Supp. 2d 1363 (J.P.M.L. 2005); *In re American Investors Life Ins. Co. Annuity Marketing & Sales Practices Litig.*, 398 F. Supp. 2d 1361 (J.P.M.L. 2005); *In re Sierra Wireless, Inc., Securities Litig.*, 387 F. Supp. 2d 1363 (J.P.M.L. 2005); *In re Veeco Instruments Inc. Securities Litig.*, 387 F. Supp. 2d 1365 (J.P.M.L. 2005); *In re Ford Motor Co. E-350 Van Products Liability Litig. (No. II)*, 374 F. Supp. 2d 1353 (J.P.M.L. 2005); *In re Federal Nat. Mortg. Ass'n Securities Derivative & "ERISA" Litig.*, 370 F. Supp. 2d 1359 (J.P.M.L. 2005); *In re High Sulfur Content Gasoline Products Liability Litig.*, 344 F. Supp. 2d 755 (J.P.M.L. 2004); *In re Foundry Resins Antitrust Litig.*, 342 F. Supp. 2d 1346 (J.P.M.L. 2004); *In re Pineapple Antitrust Litig.*, 342 F. Supp. 2d 1348 (J.P.M.L. 2004); *In re Conseco Life Ins. Co. Cost of Ins. Litig.*, 323 F. Supp. 2d 1381 (J.P.M.L. 2004); *In re Jetblue Airways Corp. Privacy Litig.*, 305 F. Supp. 2d 1362 (J.P.M.L. 2004); *In re Farmers Insurance Co. Ins. Premiums Litig.*, 295 F. Supp. 2d 1375 (J.P.M.L. 2003); *In re Wireless Telephone Federal Cost Recovery Fees Litig.*, 293 F. Supp. 2d 1378 (J.P.M.L. 2003); *In re Sulfuric Acid Antitrust Litig.*, 270 F. Supp. 2d 1379 (J.P.M.L. 2003); *In re Wireless Telephone 911 Calls Litig.*, 259 F. Supp. 2d 1372 (J.P.M.L. 2003); *In re Progressive Corp. Ins. Underwriting & Rating Practices Litig.*, 259 F. Supp. 2d 1370 (J.P.M.L. 2003); *In re Allegheny Energy, Inc., Securities Litig.*, 259 F. Supp. 2d 1368 (J.P.M.L. 2003); *In re South African Apartheid Litig.*, 238 F. Supp. 2d 1379 (J.P.M.L. 2002); *In re African-American Slave Descendants Litig.*, 231 F. Supp. 2d 1357 (J.P.M.L. 2002); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 228 F. Supp. 2d 1379 (J.P.M.L. 2002); *In re Allstate Ins. Co. Underwriting & Rating Practices Litig.*, 206 F. Supp. 2d 1371 (J.P.M.L. 2002).

and necessary. *See In re IDT Corp. Calling Card Terms Litig.*, 278 F. Supp. 2d 1381, 1382 (J.P.M.L. 2003). As we now demonstrate, transfer and consolidation of the InPhonic Actions is warranted.[10]

### A.     All Four Putative Class Actions, Pending in Multiple Districts, Share Similar Factual Allegations and Legal Questions.[11]

There are several factual allegations and legal issues that all four of the InPhonic Actions have in common.   First, the factual allegations in the InPhonic Actions overlap substantially. According to the complaints, InPhonic allegedly:

- Made material misrepresentations or omissions regarding the terms of its wireless phone rebate programs upon which plaintiffs purportedly relied;[12]

- Concealed material facts from its customers;[13]

- Acted in bad faith in the performance of its contract(s);[14]

- Offered poor service in processing wireless phone rebates;[15]

- Wrongfully obtained and benefited from payments made by plaintiffs;[16]

---

[10]     InPhonic is the sole defendant in three of the four putative class actions.  In *Sutherland*, although Plaintiffs also have brought suit against Continental Promotion Group, Inc., the allegations in that case are substantially similar to the other three InPhonic Actions.

[11]     At this time, InPhonic does not address the propriety of class certification in any of the InPhonic Actions proposed for transfer and consolidation.  Consolidation under the MDL statute is immaterial to whether the InPhonic Actions meet the requirements of class certification under Fed. R. Civ. P. 23.  *See, e.g., In re Rezulin Products Liability Litig.*, 210 F.R.D. 61, 66-75 (S.D.N.Y. 2002), *recon. denied*, 224 F.R.D. 346, 350-53 (S.D.N.Y. 2004) (denying class certification after putative class actions transferred pursuant to 28 U.S.C. § 1407); *In re Terazosin Hydrochloride Antitrust Litig.*, 223 F.R.D. 666, 672-79 (S.D. Fla. 2004) (same).

[12]     *See, e.g., Davis* Cplt., ¶¶ 1, 19, 30-32; *Hongyi Yu* Cplt., ¶¶ 13-27, 32, 53-58; *Rock* Cplt.,  ¶¶ 1, 15-18, 30, 36-46; *Sutherland* Cplt., ¶¶ 12-19, 22-23, 56, 59, 68-71, 72-75.

[13]     *See, e.g., Davis* Cplt., ¶ 19; *Hongyi Yu* Cplt., ¶¶ 14-27, 32, 51, 60-63, 71-72; *Rock* Cplt., ¶¶ 17, 38, 40, 42, 49-50; *Sutherland* Cplt., ¶¶ 14, 18, 56.

[14]     *See, e.g., Hongyi Yu* Cplt., ¶¶ 32, 49-52; *Rock* Cplt.,  ¶¶ 30, 56-57; *Sutherland* Cplt., ¶¶ 31-38, 80-83.

[15]     *See, e.g., Davis* Cplt., ¶ 14-15; *Hongyi Yu* Cplt., ¶¶ 22-24; *Rock* Cplt., ¶ 45, 48; *Sutherland* Cplt., ¶¶ 24-25, 30, 43.

[16]     *See, e.g., Davis* Cplt., ¶¶ 33, 38-41; *Hongyi Yu* Cplt., ¶¶ 66-69; *Rock* Cplt., ¶¶ 1, 19-20; *Sutherland* Cplt., ¶¶ 63-67.

- Imposed unconscionable or oppressive terms upon its customers;[17]

- Failed to honor valid rebate claims filed by customers;[18] and

- Unreasonably delayed the processing of rebate claims.[19]

Indeed, the *Davis* action purports to represent a nationwide class that would subsume <u>all</u> putative plaintiffs in the other three InPhonic Actions (*see Davis* Cplt., ¶ 16), and accordingly alleges violations of all 51 "State Consumer Protection Laws," including the District of Columbia and state consumer protection statutes at issue in the *Hongyi Yu, Rock,* and *Sutherland.*[20]

Second, the InPhonic Actions also present substantially similar legal questions that warrant adjudication by one judge. Each of the InPhonic Actions is a putative class action. As such, they require a court to determine whether:

> the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a). *See Davis* Cplt., ¶¶ 18-21, 23-24; *Hongyi Yu* Cplt., ¶¶ 30, 32-34; *Rock* Cplt., ¶¶ 28, 30-31, 35; *Sutherland* Cplt., ¶¶ 42-45. Equally, because all InPhonic Actions seek certification under Rule 23(b)(3), a court must decide whether common questions of law or fact predominate over individualized questions and whether the class mechanism is superior to other available methods of adjudication. FED. R. CIV. P. 23(b)(3). *See Davis* Cplt., ¶¶ 20, 25; *Hongyi Yu* Cplt., ¶¶ 31, 35, 38; *Rock* Cplt., ¶ 34; *Sutherland* Cplt., ¶ 47. The InPhonic Actions also similarly allege that certification is proper on issues of equitable relief, thus necessitating a determination in each case as

---

[17]   *See, e.g., Hongyi Yu* Cplt., ¶¶ 14-20, 45; *Rock* Cplt., ¶¶ 1, 10, 15-16; *Sutherland* Cplt., ¶ 60.

[18]   *See, e.g., Davis* Cplt., at ¶¶ 12-15, 19; *Hongyi Yu* Cplt., ¶ 25; *Rock* Cplt., ¶¶ 10-16; *Sutherland* Cplt., ¶¶ 20-21, 23-38.

[19]   *See, e.g., Davis* Cplt., at ¶¶ 13-14, 19; *Hongyi Yu* Cplt., ¶¶ 21-24, 27; *Rock* Cplt., ¶¶ 1, 15-16, 30, 50; *Sutherland* Cplt., ¶¶ 20-21, 24-25 .

[20]   *Compare Davis* Cplt., ¶¶ 36(i), (n), (ee) *with Hongyi Yu* Cplt., ¶¶ 39-48 *and Rock* Cplt., ¶¶ 36-46 *and Sutherland* Cplt., ¶¶ 55-62.

to whether InPhonic "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." FED. R. CIV. P. 23(b)(2). *See Davis* Cplt., at 19-20; *Hongyi Yu* Cplt., ¶¶ 37-38, 70-72, & p. 19; *Sutherland* Cplt., ¶¶ 48, 88-89. The overlapping class allegations of the InPhonic Actions will require identical determinations as to whether separate actions by individual plaintiffs would risk establishing incompatible standards of conduct for InPhonic, or effectively dispose of the interests of non-parties or substantially impair their ability to protect their interests. FED. R. CIV. P. 23(b)(1). *See Hongyi Yu* Cplt., ¶¶ 31, 36-37; *Rock* Cplt., ¶ 33; *Sutherland* Cplt., ¶ 48.

Moreover, apart from the substantial overlapping questions of class treatment, the liability theories in the InPhonic Actions also overlap.[21] The core claim in each of the InPhonic Actions is that InPhonic's wireless phone rebate offers allegedly were misleading because they imposed requirements with which consumers could not comply or, if consumers did comply with those requirements, InPhonic allegedly processed rebates in a manner that prevented consumers from receiving them. *See* notes 4-6, *supra*. Accordingly, a court will be required to adjudicate several liability theories common to each of the InPhonic Actions, including whether the rebate offers and processing violated the District of Columbia and state consumer protection statutes or are otherwise actionable under common law theories of fraud, negligent misrepresentation, unjust enrichment, conversion, and breach of contract. *See* note 7, *supra*.

---

[21]     The existence of some unique causes of action among the purported wireless phone rebate class actions is immaterial to the question of whether § 1407 consolidation is appropriate. *See In re Air Crash Disaster in the Ionian Sea*, 407 F. Supp. 238, 239-40 (J.P.M.L. 1974) (where common issues of fact exist, the propriety of consolidation under the MDL statute "is not determined by the presence of differing legal theories in some of th[e] actions"). Similarly, "Section 1407 does not require complete identity or even majority of common factual issues as a prerequisite to transfer." *In re Heritage Bonds Litig.*, 217 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002) (rejecting assertion that certain actions involved additional parties and claims).

Because the InPhonic Actions share questions of fact and law regarding InPhonic's wireless phone rebates, MDL transfer and consolidation is both proper and necessary. *In re IDT Corp. Calling Card Terms Litig.*, 278 F. Supp. 2d at 1382; *see also, e.g., In re Bayou Hedge Funds Invest. Litig.*, --- F. Supp. 2d ---, 2006 WL 1073426, at *1 (J.P.M.L. April 18, 2006) (consolidating four actions pending in three districts that "share allegations concerning allegedly fraudulent activity in the operation of one or more Bayou investment funds [and t]he alleged improprieties regarding the Bayou hedge funds forms the factual backdrop to all actions presently before the Panel"); *In re Conseco Life Ins. Co. Cost of Ins. Litig.*, 323 F. Supp. 2d 1381 (J.P.M.L. 2004) (consolidating three actions that all "share questions of fact arising out of Conseco's decision to change its method of calculating monthly deductions . . . in breach of the plain language of those policies"); *In Re UICI "Association-Group" Ins. Litigation*, 305 F. Supp. 2d 1360 (J.P.M.L. 2004) (consolidating nine actions in three districts where "each action seeks to redress harm allegedly caused by the defendants in the sale of their health insurance. . . including their failure to disclose relationships between certain of the defendants, and . . . the allegations of wrongful conduct are substantially similar across all actions"); *In re Philadelphia Life Ins. Co. Sales Practices Litigation*, 149 F. Supp. 2d 937 (J.P.M.L. 2001) (ordering consolidation of two actions "arising out of allegations that deceptive insurance sales practices, including the use of policy illustrations and other sales techniques showing that the premiums would 'vanish' after a certain number of years, fraudulently misled plaintiffs to purchase Philadelphia Life insurance policies").

## B. Transfer and Consolidation Serves the Convenience of Parties and Witnesses, and Promotes the Just and Efficient Resolution of These Actions.

The InPhonic Actions are also appropriate for MDL treatment because their transfer and consolidation will further "the convenience of parties and witnesses and . . . promote the just and efficient conduct of [the] actions." 28 U.S.C. § 1407(a). Specifically, transfer and consolidation of the InPhonic Actions will: (1) eliminate duplicative discovery, which would otherwise be prevalent; (2) prevent conflicting pretrial rulings on important legal issues; (3) conserve judicial resources; and

(4) reduce the costs of litigation for the parties involved, thereby allowing the InPhonic Actions to proceed in a more efficient and organized fashion. *See In re Charter Communications, Inc. Sec. Litig.*, 254 F. Supp. 2d 1379, 1380 (J.P.M.L. 2003) ("Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, . . . and conserve the resources of the parties, their counsel and the judiciary"); *In re Heritage Bonds Litig.*, 217 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002) (same).

### 1.    MDL Treatment of the InPhonic Actions is Necessary to Eliminate Duplicative Discovery.

The class representatives and counsel in each of the InPhonic Actions are different. Thus, without MDL transfer and consolidation, InPhonic likely will receive duplicative discovery requests in each of the four InPhonic Actions, and material witnesses will have to submit to several redundant depositions. Even where a defendant has been involved in only two actions, the Panel has held that MDL consolidation is required to relieve the defendant from the burden of duplicative discovery. *See In re IDT Corp. Calling Card Terms Litig.*, 278 F. Supp. 2d at 1382 (shared claims of fraud and negligent misrepresentation in two cases necessitated consolidation "in order to eliminate duplicative discovery"). Here, with four nearly identical cases already filed in three district courts, the Panel should consolidate the putative class actions before a single court. *Id.* That counsel in the InPhonic Actions may seek to coordinate their discovery does not defeat the need for Section 1407 transfer and consolidation. *See In re Sugar Industry Antitrust Litig. (East Coast)*, 471 F. Supp. 1089, 1094 (J.P.M.L. 1979) (voluntary cooperation, while "always laudable," is no bar to transfer of an action for coordinated or consolidated pretrial proceedings especially where transfer will insure the streamlining of discovery and all other pretrial proceedings in the litigation as a whole"); *In re Bristol Bay, Alaska, Salmon Fishery Antitrust Litig.*, 424 F. Supp. 504, 506 (J.P.M.L. 1976) ("Though voluntary coordination among the parties as a means of avoiding duplicative discovery is commendable . . . the

Panel prefers to place the actions under the control of a single judge in order to ensure that the objectives of Section 1407 are met.").

> 2.    **Consolidation is Necessary to Prevent Inconsistent Pretrial Rulings on Important Questions of Law, Especially on Issues of Class Certification.**

Plaintiffs in the InPhonic Actions purport to represent a class of individuals or entities who allegedly were damaged by InPhonic's wireless phone rebate offers and processing.[22]    As demonstrated in the chart attached hereto as Exhibit 1, the proposed class definitions overlap substantially with each other. *See* Exh. 1.  In addition, the *Davis* complaint's proposed nationwide class essentially subsumes the remaining three InPhonic Actions because it purports to include "[a]ll persons and entities who purchased goods and/or services [from InPhonic], accompanied but one or more rebates, from Inphonic . . . ." *See Davis* Cplt., ¶ 16.  Because overlapping class definitions pose a special risk of inconsistent pretrial rulings, the Panel consistently has held that "[c]entralization under Section 1407 is necessary in order to . . . prevent inconsistent pretrial rulings (especially with respect to class certification matters)." *In re Hypodermic Prods. Antitrust Litig.*, 408 F. Supp. 2d 1356, 1357 (J.P.M.L. 2005); *see* note 8, *supra*.  Thus, where, as here, plaintiffs seek to certify classes in different federal district courts to redress the same alleged course of conduct, the Panel has transferred and consolidated the cases under Section 1407. *Id.*

> 3.    **MDL Treatment is Necessary to Conserve Judicial Resources and Reduce the Costs Expended by Parties and Witnesses.**

Transfer and consolidation of the InPhonic Actions is also appropriate because it will conserve judicial, party, and witness resources.  Because of the considerable overlap of legal issues and factual allegations that will need to be resolved prior to trial in these actions (*see supra* at 6-9)—particularly    at    the    class    certification,    motion    to    dismiss,    summary    judgment

---

[22]    *See Davis* Cplt., ¶ 16; *Hongyi Yu* Cplt., ¶ 29; *Rock* Cplt., ¶¶ 1, 24, 27; *Sutherland* Cplt., ¶ 40.

stages—consolidation of the InPhonic Actions in a single court will prevent duplicative efforts not only by the parties, but also by the courts. Rather than having multiple judges in different courts rule simultaneously on nearly identical motions, MDL transfer will promote judicial economy and consistency by requiring only one set of pre-trial motions filed and ruled upon by a single judge. *See, e.g., In re Air Crash Near Van Cleve*, 486 F. Supp. 926, 928 (J.P.M.L. 1980) (transfer will "ensure the streamlining of discovery and all other pretrial proceedings").

Transfer and consolidation also will minimize the inconvenience to parties and witnesses. Absent consolidation, InPhonic would be forced to travel needlessly to appear at status and scheduling conferences for multiple actions in multiple districts, hearings for multiple actions in multiple districts, depositions for multiple actions in multiple districts, and so on. There is no doubt that consolidation and transfer is warranted where, as here, transfer will "effectuate a significant overall savings of cost and a minimum of inconvenience to all concerned with the pretrial activities." *In re Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. 651, 655 (J.P.M.L. 1981). Thus, MDL consolidation will ensure that class certification determinations across each of the InPhonic Actions will be consistent.

### 4. Transfer and Consolidation Will Permit More Organized and Efficient Resolution of the InPhonic Actions.

Finally, MDL treatment of the InPhonic Actions will allow for an organized and efficient resolution of the cases that otherwise would not occur. *In re Library Editions of Children's Books*, 297 F. Supp. 385, 386 (J.P.M.L. 1968) (Congress adopted transfer procedure authorized by multidistrict litigation for coordinated and consolidated pretrial proceedings law for specific purpose of superseding voluntary procedures of the coordinating committees.). Even if the parties—in different cases pending before different judges in different courts, with different plaintiffs' counsel—could agree to a unified discovery and briefing plan, Panel precedent requires Section 1407

transfer and consolidation to streamline pre-trial proceedings. *See In re Sugar Industry Antitrust Litig.,* 471 F. Supp. at 1094; *In re Bristol Bay, Alaska, Salmon Fishery Antitrust Litig.,* 424 F. Supp. at 506.

## III.  THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA IS THE MOST APPROPRIATE TRANSFEREE FORUM.

The Panel should transfer the InPhonic Actions to the United States District Court for the District of Columbia, and consolidate the actions before Judge Ellen Segal Huvelle. This court is the appropriate transferee forum for four reasons.

First, InPhonic is headquartered in the District of Columbia and maintains three offices in the Washington, D.C. metropolitan area. As such, a significant portion of the relevant documents and several witnesses will be located within or near the District of Columbia. When choosing the proper transferee forum, the Panel often gives special consideration to the location of the defendant's headquarters and of material witnesses and documents. *See In re Wireless Telephone Federal Cost Recovery Fees Litig.,* 293 F. Supp. 2d 1378, 1380 (J.P.M.L. 2003) (selecting as transferee court the district that was site of the furthest advanced action, and included the headquarters of a principal defendant, such that significant discovery was likely to take place there); *In re Allegheny Energy, Inc. Securities Litig.,* 259 F. Supp. 2d 1368, 1369 (J.P.M.L. 2003) ("District of Maryland is an appropriate transferee forum . . . because [defendant] is headquartered in Maryland and . . . the Maryland district is likely to be the location of significant discovery activity."); *see also, e.g., In re Apple iPod nano Products Liability Litig.,* --- F. Supp. 2d ---, 2006 WL 1073432, at *1 (J.P.M.L. April 17, 2006) (same); *In re Jetblue Airways Corp. Privacy Litig.,* 305 F. Supp. 2d 1362, 1363 (J.P.M.L. 2004) (same).

Second, the *Davis* action was the first InPhonic Action to be filed. That action was filed in the United States District Court for the District of Columbia and assigned to Judge Ellen Segal Huvelle. The Panel has held that the court in which the first-filed action is pending is the appropriate transferee court. *See In re Ford Motor Co. Speed Control Deactivation Switch Products Liability Litig.,* 398 F. Supp. 2d 1365, 1367 (J.P.M.L. 2005) (district contained the first-filed action, and was a

likely source of relevant documents and witnesses, since manufacturer's headquarters were located there); *In re Novastar Home Mortgage Inc. Mortgage Lending Practices Litig.*, 368 F. Supp. 2d 1353, 1353 (J.P.M.L. 2005) (transferee district was site of the action, which was proceeding well, and had the capacity to handle the litigation). Moreover, the *Hongyi Yu* action also is pending in the District of Columbia federal court. Pursuant to InPhonic's notification of related cases (*see supra* at 4), the *Hongyi Yu* action may be reassigned to Judge Huvelle pursuant to the local rules of the district court for the District of Columbia. *See* D.D.C. LCvR 40.5.

Third, the *Davis* complaint alleges the broadest scope of the purported class, which subsumes all other putative classes in the InPhonic Actions. *See Davis* Cplt., ¶ 16 ("All persons and entities who purchased goods and/or services, accompanied by one or more rebates, from InPhonic, Inc., or one of its subsidiaries."). Panel precedent suggests that the District of Columbia is the proper transferee court in this circumstance. *See In re Wireless Telephone Federal Cost Recovery Fees Litig.*, 293 F. Supp. 2d at 1380 (centralizing action in district where complaint contained "the broadest class claims of any of the pending actions").

Fourth, the Attorney General of the District of Columbia has sued InPhonic under the District's consumer protection statute in the Superior Court of the District of Columbia. *See District of Columbia v. InPhonic, Inc.*, Civil Action No. 4390-06 (Super. Ct., D.C.) (filed June 8, 2006) ("DCAG Action"). The complaint in the DCAG Action makes similar factual allegations to those in the federal court InPhonic Actions. Although the DCAG Action is not amenable to consolidation with the federal InPhonic Actions, the Manual for Complex Litigation recommends that the presiding federal judge in the MDL actions attempt to coordinate with the presiding judge in related local court actions on pre-trial matters like discovery. *See* MOORE'S FEDERAL PRACTICE, MANUAL FOR COMPLEX LITIGATION (THIRD), § 20.123, at 17-18; § 31.31, at 295-96. Efforts at such coordination will be facilitated if the federal InPhonic Actions are transferred for pre-trial proceedings in the

federal court in Washington, which is literally across the street from the District of Columbia Superior Court.

## CONCLUSION

For the foregoing reasons, the Panel should grant InPhonic's motion pursuant to 28 U.S.C. § 1407 and transfer and consolidate the actions listed in the attached Schedule of Actions in a single district for consolidated pretrial proceedings.  In addition, InPhonic respectfully submits that the United States District Court for the District of Columbia is the most appropriate forum for the consolidated pretrial proceedings, and that the InPhonic Actions be transferred to the docket of Judge Ellen Segal Huvelle.


Dated:  June 26, 2006
        Washington, D.C.

Mitchell R. Berger
Christopher W. Hellmich
Ugo Colella
**PATTON BOGGS LLP**
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (292) 457-6315

*Attorneys for Defendant*
*InPhonic, Inc.*

# EXHIBIT 1

| Title | Scope | Definition(s) |
|---|---|---|
| *Davis v. InPhonic, Inc.* | National | "All persons and entities who purchased goods and/or services, accompanied by one or more rebates, from InPhonic, Inc., or one of its subsidiaries." *Davis* Cplt., ¶ 16. |
| *Hongyi Yu v. InPhonic, Inc.* | National | "Customers who entered a contract with InPhonic for the purchase of a wireless phone and/or wireless services on or after May 19, 2003 whose contract included a rebate offer which was later found to be conditional upon the customer's agreement to false statements of fact and/or additional contract terms." *Hongyi Yu* Cplt., ¶ 29. |
| | National | "Customers who entered a contract with InPhonic for the purchase of a wireless phone and/or wireless services on or after May 19, 2003 whose contract included a rebate offer and who were unable to receive such rebate due to one or more undisclosed material limitations on the rebate offer, including those described herein." *Hongyi Yu* Cplt., ¶ 29. |
| *Rock v. InPhonic, Inc.* | New Jersey | All New Jersey individual consumers who purchased products eligible for a rebate from InPhonic pursuant to InPhonic's rebate offers, who submitted rebate claim forms within the 180-210 day window, whose rebate forms were processed by InPhonic in the manner complained of herein, and whose rebate applications were denied by InPhonic. *Rock* Cplt., ¶ 24. |
| | New Jersey | All New Jersey individual consumers who purchased products eligible for a rebate from InPhonic pursuant to InPhonic's rebate offers, who submitted rebate claim forms, whose rebate forms were processed by InPhonic in the manner complained of herein, whose rebate applications were denied by InPhonic on grounds of falling outside the 180-210 day window. *Rock* Cplt., ¶ 25. |
| | National | All individual consumers nationwide who purchased products eligible for a rebate from InPhonic pursuant to InPhonic's rebate offers, who submitted rebate claim forms within the 180-210 day window, whose rebate forms were processed by InPhonic in the manner complained of herein, and whose rebate applications were denied by InPhonic. *Rock* Cplt., ¶ 26. |
| | National | All individual consumers nationwide who purchased products eligible for a rebate from InPhonic pursuant to InPhonic's rebate offers, who submitted rebate claim forms, whose rebate forms were processed by InPhonic in the manner complained of herein, whose rebate applications were denied by InPhonic on grounds of falling outside the 180-210 day window. *Rock* Cplt., ¶ 27. |
| *Sutherland v. InPhonic, Inc., et al.* | National | "All persons or entities in the United States who purchased a wireless device, cellular calling plan or wireless service from InPhonic through any of its affiliated websites that submitted a rebate claim form that complied with the rebate requirements whose claim was rejected." *Sutherland* Cplt., ¶ 40. |
| | National | "All persons or entities in the United States who purchased a wireless device, cellular calling plan or wireless service from InPhonic through any of its affiliated websites that submitted a rebate claim form that complied with the rebate requirements whose claim is or was outstanding for more than twelve weeks." *Sutherland* Cplt., ¶ 40. |
| | Illinois | "All persons or entities in Illinois who purchased a wireless device, cellular calling plan or wireless service from InPhonic through any of its affiliated websites that submitted a rebate claim." *Sutherland* Cplt., ¶ 40. |

**EXHIBIT 2**
**SCHEDULE OF RELATED CASES**

*Paul Rock & Mary Kazmarck v. InPhonic, Inc.*, United States District Court for the District of New Jersey (Newark Division), Case No. 2:06-cv-02156-JLL-CCC, Judge Jose L. Linares

*Hongyi Yu & Barbara McGivney v. InPhonic, Inc.*, United States District Court for the District of Columbia, Case No. 1:06-cv-00951-RCL, Judge Royce C. Lamberth

*Edwin Davis v. InPhonic, Inc.*, United States District Court for the District of Columbia, Case No. 1:06-cv-00528-ESH, Judge Ellen S. Huvelle

*Ryan Sutherland v. InPhonic, Inc., Continental Promotion Group, Inc., & John Does 1-100*, United States District Court for the Northern District of Illinois (Eastern Division), No. 1:06-cv-03281, Judge Rebecca R. Pallmeyer

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2006, a copy of the foregoing Memorandum in Support of Motion for Transfer and Consolidation Pursuant to 28 U.S.C. § 1407 by Defendant InPhonic, Inc., together with the attached exhibits, was filed electronically in each district court in which the cases proposed for transfer and consolidation are now pending, pursuant to J.P.M.L. Rules 5.12(c) and 5.2(b). Notice of this filing will be sent to all parties by operation of those courts' electronic filing systems. Parties may access this filing through those courts' systems.

I further certify that on June 26, 2006, a copy of the foregoing Memorandum in Support of Motion for Transfer and Consolidation Pursuant to 28 U.S.C. § 1407 by Defendant InPhonic, Inc. was served pursuant to J.P.M.L. Rules 5.12(c) and 5.2(b), by first-class mail upon:

John A. Peca
Keith T. Vernon
John R. Climaco
Joseph P. Fegen
P.Wesley Lambert
**CLIMACO, LEFKOWITZ, PECA, WILCOX &**
**GAROFOLI CO., L.P.A.**
888 16th Street, NW, Suite 800
Washington, DC 20006
    *Attorneys for Plaintiff Edwin Davis*

David P. Meyer
Patrick G. Warner
**DAVID P. MEYER & ASSOCIATES CO., LPA**
401 N. Front Street, Suite 350
Columbus, OH 43215
    *Attorneys for Plaintiff Edwin Davis*

Steven N. Berk
Jonathan W. Cuneo
**CUNEO GILBERT & LADUCA, LLP**
507 C Street, NE
Washington, DC 20002
    *Attorneys for Plaintiffs Hongyi Yu and Barbara McGivney*

Knoll Lowney
**SMITH & LOWNEY**

2317 E. John Street
Seattle, WA 98112
*Attorney for Plaintiffs Hongyi Yu and Barbara McGivney*

Kevin P. Roddy
Jennifer Sarnelli
**WILENTZ, GOLDMAN & SPITZER**
90 Woodbridge Center Drive, Suite 900
Woodbridge, NJ 07095
*Attorneys for Plaintiffs Hongyi Yu and Barbara McGivney*

William F. Mahoney
Steven A. Hart
Scott W. Henry
Scott J. Vold
**SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.**
One IBM Plaza, Suite 200
330 N. Wabash Ave.
Chicago, IL 60611
*Attorneys for Plaintiff Ryan Sutherland*

Barry R. Eichen
**EICHEN LEVINSON & CRUTCHLOW, LLP**
40 Ethel Road
Edison, NJ 08817
*Attorney for Plaintiff Paul Rock*

_____
Ugo Colella