**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| EDWIN DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:06cv00528-ESH |
| | ) | |
| INPHONIC, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| HONGYI YU, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:06cv00951-ESH |
| | ) | |
| INPHONIC, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT INPHONIC, INC.'S MOTION TO SET UNIFORM PRE-TRIAL DATES PENDING A RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

The plaintiffs in the above-captioned cases, Edwin Davis, Hongyi Yu and Barbara McGivney (together, "Plaintiffs"), initiated the above-referenced actions against the defendant, InPhonic, Inc. ("InPhonic," "Company," or "Defendant"), on March 21, 2006 and May 19, 2006, respectively. Plaintiffs allege *inter alia* that InPhonic engaged in wrongful trade and business practices in its sale of wireless telephones by advertising low after-rebate sales prices to solicit clients, but wrongfully and purposefully implemented business practices that severely restricted the ability of customers to actually obtain the promised rebates. The Attorney General of the District of Columbia, making similar

allegations, has also filed suit against the Company under the District of Columbia

Consumer Protection Procedures Act in an effort to redress the wrongs perpetrated by

InPhonic. See District of Columbia v. InPhonic, Inc., Civil Action No. 4390-06 (Super.

Ct., D.C.) (filed June 8, 2006).

On June 26, 2006, InPhonic filed a motion with the Judicial Panel on Multidistrict

Litigation ("JPML" or "Panel") seeking to transfer and consolidate four related putative

class actions currently pending against the Company to the United States District Court

for the District of Columbia, before Your Honor.  Significantly, in connection with that

motion, Defendant filed a submission "suggest[ing] that oral argument need not be heard

to adjudicate the issues raised [therein because] *precedent uniformly supports MDL

transfer and consolidation of the four putative nationwide class actions filed against

InPhonic*."  See InPhonic's "Reasons Why Oral Argument Need Not Be Heard," a true

and correct copy of which is attached hereto as Ex. A (emphasis added).[1]

Thereafter, on July 13, 2006, Defendant filed a motion in this Court entitled

"Motion to Set Uniform Pre-Trial Dates Pending a Ruling by the Judicial Panel on

Multidistrict Litigation."  Although styled as a motion to adjust pre-trial dates, Defendant

in effect seeks to stay this action pending the issuance of a decision by the JPML on the

issue of transfer and consolidation.  In particular, InPhonic requests that the Court

"reschedule" the dates by which Defendant must respond to Plaintiffs' complaints, by

which Plaintiffs must move for class certification, and by which the parties must conduct

a Rule 26(f) discovery conference and make initial disclosures, *until a date following the

JPML ruling*. See Defendant's Motion to Set Uniform Pre-Trial Dates at 1-2.  Plaintiffs

---

[1] Plaintiffs filed a response to InPhonic's motion on July 18, 2006, advising the Panel that they agree with
Inphonic that the related class actions should be centralized and coordinated for pretrial proceedings before
the District Court for the District of Columbia.

respectfully suggest that the motion to stay should be denied  The Court should, for the reasons set forth more fully below, allow Plaintiffs to prosecute this case pending any JPML resolution of the transfer/consolidation issue.

InPhonic's argument in support of the pending motion is centered upon its assertion that the issuance of a stay would promote judicial efficiency and that the imposition of pre-trial deadlines would be wasted in this Court.  InPhonic's contentions in this regard are disingenuous, as evidenced by InPhonic's expressed position that transfer and consolidation to this Court is, for all intents and purposes, certain.  Where, as here, there is every reason to believe that the Panel will transfer related actions to a particular forum, the justifications for instituting a stay in that forum simply do not apply.  Moreover, if anything, discovery will further confirm that the District of Columbia is the appropriate jurisdiction within which to conduct pretrial proceedings in the pending lawsuits, so the cases already pending in this forum should proceed apace.

A "court has the inherent discretionary power to control the disposition of cases on its docket with economy of time and effort for itself, for counsel, and for the litigants..." Terkel v. Schwarz, 2006 U.S. Dist. Lexis 42906, *3 (N.D. I.L. June 9, 2006) (quoting Landis v. North American Co., 299 U.S. 249, 254 (1936) (internal quotation marks omitted)).  Courts are, however, guided by the principle that under 28 U.S.C.A. §1407, a transferor court should not stay an action merely because litigants have petitioned the Panel to consolidate and transfer the action.  See In re Four Seasons Securities Laws Litigation, 362 F.Supp. 574 (JPML 1973).  "The transferor court should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further proceedings upon being notified of a filing of a motion to transfer."

3

Manual for Complex Litigation, Third at 253 (1995); see also Terkel, 2006 U.S. Dist.

Lexis at *3 ("The pendency before the [JPML] of a motion to transfer under 28 U.S.C.

§1407 does not... automatically entitle a party to a stay of a case as to which transfer is

sought."). The Rules of Procedure of the Panel confirm the foregoing. See JPML Rule

1.5 ("The pendency of a motion, order to show cause, conditional transfer order or

conditional remand order before the Panel concerning transfer or remand of an action

pursuant to 28 U.S.C. §1407 does not affect or suspend orders and pretrial proceedings in

the district court in which the action is pending and does not in any way limit the pretrial

jurisdiction of that court."). These principles should apply with special vigor with respect

to the actions already proceeding in the transferee court.

Matters such as motions to dismiss or to remand, raising issues unique to the

particular case, may be resolved before the JPML acts on the motion to transfer. See

Manual for Complex Litigation, Third at 253 (1995); see also Johnson v. Micron

Technology, 354 F.Supp. 2d 736 (E.D. M.I. 2005) (citing instances in which the statute

and rules have been interpreted as discouraging district courts from staying pending

motions). In fact, the JPML has concluded that it should delay its ruling on transfer until

critical motions have been decided by the court in which the case is pending. See Manual

for Complex Litigation, Third at 253 (1995). The transferor court retains jurisdiction over

the proceedings while the JPML considers the transfer motion because it is generally

easier "for [the transferor court] to determine the impact of [state] law on this individual

case and the rule on the jurisdictional issue than to transfer it to the Multidistrict Panel,

which has many other concerns." Karofsky v. Abbott Laboratories, 921 F.Supp. 18, 20 n.

4 (D. M.E. 1996).

Courts consider the following factors in deciding whether to grant a stay based on the pendency of a motion to transfer before the JPML: "whether judicial economy favors a stay; the potential prejudice to the non-moving party if the case is stayed; and any hardship or inequity to the moving party if the case is not stayed." Terkel, 2006 U.S. Dist. Lexis at *4; see also Dix v. America Online, Inc., 2003 U.S. Dist. Lexis 21679, *21 (E.D. W.A. Oct. 20, 2003) (citing same factors). Here, in exercising its discretionary authority, the Court should decline to issue a stay. Judicial economy does not favor a stay, InPhonic will not be prejudiced if a stay is not issued, and Plaintiffs' ability to litigate their lawsuits will be unduly hampered if a stay is issued. See e.g. Terkel, 2006 U.S. Dist. Lexis 42906 (declining to issue a stay despite the pendency before the JPML of a motion to transfer); In re Duke Energy Corp., Securities Litigation, 2002 U.S. Dist. Lexis 15405 (S.D. N.Y. Aug. 16, 2002) (concluding "that the filing of a motion before the MDL Panel does not require [the] Court to defer its consideration of the motions for appointment of lead plaintiff and lead counsel or in any other way defer the progress of [the] case."); Dix, 2003 U.S. Dist. Lexis 21679 (finding it unnecessary to delay ruling on motion to remand despite pending motion to transfer before the JPML).

The parties in the two cases currently pending before Your Honor agree that all of the putative class actions currently pending against InPhonic should be consolidated and transferred to the United States District Court for the District of Columbia, before Your Honor. That this Court already presides over the above-captioned cases (including the first-filed putative class action asserting the broadest purported class definition), that InPhonic maintains its headquarters in the District of Columbia, and that a substantial portion of the documentary evidence and several witnesses are located in the District of

Columbia, are all factors that weigh heavily in favor of transfer to this District. See e.g.
In re American Gen'l Life & Acc. Ins. Co. Retiree Benefits "ERISA" Litig., 2005 WL
2030282, *1 (J.P.M.L. Aug. 17, 2005); In re Sears, Roebuck & Co. Tools Marketing &
Sales Pracs. Litig., 381 F. Supp. 2d 1383 (J.P.M.L. Aug. 12, 2005); In re Pfizer, Inc.
Secs., Deriv. & "ERISA" Litig., 374 F. Supp. 2d 1348, 1350 (J.P.M.L. 2005); In re
Federal Nat'l Mortg. Ass'n Secs., Deriv. & "ERISA" Litig., 370 F. Supp. 2d 1359, 1361
(J.P.M.L. 2005); In re Reformulated (RFG) Antitrust & Patent Litig., 370 F. Supp. 2d
1357, 1359 (J.P.M.L. 2005); In re Express Scripts, Inc. Pharmacy Benefits Mgmt. Litig.,
368 F. Supp. 2d 1356, 1357 (J.P.M.L. 2005); In re Merck & Co., Inc., Secs., Deriv. &
"ERISA" Litig., 360 F. Supp. 2d 1375, 1377 (J.P.M.L. 2005); In re American Airlines,
Inc. Privacy Litig., 342 F. Supp. 2d 1355, 1357 (J.P.M.L. 2004).  The interests of judicial
economy will be well served by permitting the parties to engage in the regular course of
discovery, especially since the cases are likely to be consolidated and transferred to this
Court.

InPhonic's motion before the JPML will be heard by the Panel in late September
and Plaintiffs anticipate that the Panel will rule on the motion no earlier than mid-
October.  In addition to the fact that postponing discovery and other pre-trial procedures
until the Panel's ruling would subject Plaintiffs to substantial delay in litigating their
suits, such delay is unnecessary since the information that would be exchanged by the
parties through pre-trial disclosures and other discovery mechanisms will aid the JPML in
making its ruling.  The Panel's analysis of the transfer issue will include a consideration
of where witnesses and relevant documents are located.  Inasmuch as attending the Rule
26(f) discovery conference, exchanging initial disclosures, and engaging in further

6

discovery will provide information relevant to these subjects, issuing a stay would be contrary to the interests of judicial efficiency.  See Kron Medical Corp. v. Groth, 119 F.R.D. 636, 638 (M.D. N.C. 1988) ("The general policy disfavoring the staying of discovery applies equally to cases wherein a motion is made to transfer the case to another district pursuant to 28 U.S.C. §1404(a)."); see also Feldman v. Flood, 176 F.R.D. 651 (M.D. F.L. 1997) ("[A] request to stay all discovery pending resolution of a motion is rarely appropriate where resolution of the motion will not dispose of the entire case … and the Court ordinarily should not stay discovery which is necessary to gather facts in order to defend against the motion.").

In conclusion, Defendant's motion to stay should be denied. The Company is headquartered in the District of Columbia and both Plaintiffs and Defendant agree that all related putative class actions should be transferred to this Court.[2]  For these and all the foregoing reasons, the above-captioned cases should proceed forthwith.

Respectfully submitted,

  s/ Steven N. Berk
One of the Plaintiff's Attorneys

John A. Peca
Keith T. Vernon
John R. Climaco
Climaco, Lefkowitz, Peca, Wilcox
& Garofoli, L.P.A.
888 16th Street, NW, Suite 800
Washington, DC 20006

---

[2] Moreover, since Lexicon, Inc. v. Milberg, Weiss, Bershad, Hynes & Lerach, 523 U.S. 26, 40-41 (1998), precludes an MDL court from trying transferred cases, this Court, having these two cases originally filed in this district, will be able to trying them as an MDL court.  Obviously, if not designated, the MDL transferor court will still remand these cases to this Court for trial.  In either event, discovery will not be a wasted effort.

Counsel for Edwin Davis

David P. Meyer
Patrick G. Warner
David P. Meyer & Associates Co., L.P.A.
401 N Front Street, Suite 350
Columbus, OH 43215

Counsel for Edwin Davis

Kevin Roddy
Wilentz Goldman & Spitzer, P.A.
90 Woodbridge Center Drive, Suite 900
Woodbridge, NJ 07095
Telephone: (732) 636-8000
Facsimile: (732) 726-6686

Counsel for Hongyi Yu and Barbara McGivney

Steven N. Berk
Jonathan W. Cuneo
Cuneo Gilbert & LaDuca, LLP
507 C Street, NE
Washington, DC 20002

Counsel for Hongyi Yu and Barbara McGivney

Knoll Lowney
Smith & Lowney
2317 E. John Street
Seattle, WA 98112

Counsel for Hongyi Yu and Barbara McGivney