IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE INPHONIC, INC., WIRELESS PHONE REBATE LITIGATION | Misc. Action No. 06-0507 (ESH) |
| This Document Relates To: | MDL Docket No. 1792 |
| ALL CASES | |

## PLAINTIFFS' STATUS CONFERENCE STATEMENT

Plaintiffs, by their Co-Lead Counsel and in anticipation of the Status Conference scheduled for January 18, 2008 at 11:30 a.m., hereby file their Status Conference Statement.

### STATEMENT OF THE CASE

By Transfer Order entered by the Judicial Panel on Multidistrict Litigation on October 25, 2006, consumer class actions originally filed in this District and in other federal district courts against Defendants, InPhonic, Inc. ("InPhonic"), Continental Promotion Group, Inc. ("CPG"), and Helgeson Enterprises, Inc. ("Helgeson"), were centralized before this Court. *In re InPhonic, Inc., Wireless Phone Rebate Litigation*, 460 F. Supp. 2d 1380 (J.P.M.L. 2006). Following a Case Management Conference held on January 26, 2007, and pursuant to this Court's Order entered on that date (Docket # 12), on February 27, 2007, Plaintiffs filed their Consolidated Amended Class Action Complaint ("CAC") (Docket # 19).

Plaintiffs' CAC asserts federal and state law claims against Defendants InPhonic, CPG and Helgeson. CAC, ¶¶ 1-2, 55-102. The First, Second, Fourth, Fifth and Seventh Causes of Action assert claims against Defendant InPhonic exclusively; however, the Third, Sixth and Eighth Causes of Action assert claims against Defendants CPG and Helgeson for (a) violations

of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968 (Third Cause of Action, see CAC ¶¶ 73-78); (b) unjust enrichment and disgorgement of profits (Sixth Cause of Action, see CAC ¶¶ 88-91); and (c) civil conspiracy (Eighth Cause of Action, see CAC ¶¶ 95-102).[1]

Pursuant to Status Conferences held before this Court on March 14, 2007 (Docket # 27) and June 18, 2007 (Docket # 35), Plaintiffs and Defendants have engaged in Rule 26 initial disclosures and other limited discovery. During the Summer and Fall of 2007, counsel for the parties engaged in lengthy settlement discussions with the assistance of Court-appointed mediator Nancy Lesser. Although Plaintiffs believed that such settlement discussions were likely to result in a global resolution of this consumer class action, on November 26, 2007, Defendant InPhonic filed a Notice of Bankruptcy (Docket # 37). During the ensuing Status Conference held on November 30, 2007, Plaintiffs asserted that we are ready, willing and able to continue settlement discussions with Defendants CPG and Helgeson, as well as representatives of InPhonic and its principals, and we asked this Court for leave to do so. However, as we stated to this Court on that occasion, if a nationwide class action settlement cannot be consummated, Plaintiffs intend to continue to prosecute their federal and state law claims against Defendants CPG and Helgeson, *and* InPhonic's principal officers.

During the November 30, 2007 Status Conference, InPhonic's litigation and bankruptcy counsel asserted to this Court that the Bankruptcy Code § 362(a) automatic stay triggered by InPhonic's bankruptcy filing barred *any* litigation activity involving InPhonic and its officers and directors, including discovery that may be sought by Plaintiffs and Defendants CPG and

---

[1] At this Court's direction, none of the Defendants filed Rule 12 motions challenging the sufficiency of Plaintiffs' allegations. At the same time, however, none of the Defendants have served Answers to the CAC.

#3835043                                2

Helgeson. InPhonic's counsel informally requested this Court to "administratively" stay this class action. Plaintiffs' counsel objected to that informal request and asked this Court for leave to try once again to engage in settlement discussions with counsel for CPG, Helgeson, InPhonic and/or InPhonic's principals. This Court granted Plaintiffs' request and scheduled a Status Conference for January 18, 2007.

Regrettably, Plaintiffs' renewed efforts to settle this nationwide class action have come to naught. Accordingly, as set forth herein, Plaintiffs are prepared to prosecute their state and federal claims against Defendants CPG and Helgeson, and to seek leave to amend their Consolidated Amended Complaint to assert claims against InPhonic's principal officers. As set forth below, the Section 362(a) automatic stay does not bar Plaintiffs from litigating claims against CPG, Helgeson and InPhonic's corporate officers who designed, implemented and carried out the scheme to defraud Plaintiffs and Class members that is alleged in the CAC.

## STATUS CONFERENCE STATEMENT

In appears to Plaintiffs that Defendants CPG and Helgeson, and InPhonic's principal officers and insurance carrier(s), are unwilling or unable to consummate the nationwide class action settlement that was being negotiated by the parties during the Summer and Fall of 2007. Accordingly, it is Plaintiffs' intention, as stated to this Court during the Status Conference on November 30, 2007, to continue to prosecute their civil RICO claims and state law claims against Defendants CPG and Helgeson. In addition, as stated during that Status Conference, Plaintiffs will seek leave of this Court to amend the CAC to assert civil RICO claims and/or state law claims against InPhonic's principal officers. Plaintiffs propose to file that Rule 15(a)

motion and the accompanying [Proposed] Second Consolidated Amended Class Action Complaint not later than February 22, 2008.[2]

Under Section 1962(c) and (d) of RICO, 18 U.S.C. § 1962(c) & (d), Defendants CPG and Helgeson and InPhonic's principal officers may be held liable for conducting the affairs of an enterprise (or enterprises) through a pattern of racketeering activity.[3] *See, e.g., Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001) (upholding civil RICO claim alleging that principal shareholder and chief executive officer-boxing promoter conducted affairs of his company); *Williams v. Mohawk Indus., Inc.*, 465 F.3d 1277, 1284-1286 (11th Cir. 2006) (carpet manufacturer conducted affairs of association-in-fact enterprise consisting of it and employment agencies with which it contracted to hire illegal aliens); *United States v. Philip Morris USA, Inc.*, 327 F. Supp. 2d 13, 18 (D.D.C. 2004) (corporate defendants conducted affairs of association-in-fact formed by tobacco companies and trade association); *Emcore Corp. v. Pricewaterhousecoopers LLP*, 102 F. Supp. 2d 237, 257 (D.N.J. 2000) (asserting that under Supreme Court's decision in *Reves v. Ernst & Young*, 507 U.S. 170 (1993), "corporate insiders who participate in the operation or management of a corporate enterprise can be held liable for RICO violations").

---

[2] Plaintiffs are likely to seek leave of this Court to assert federal and/or state law claims against the following principal officers of InPhonic who, it will be alleged, devised, implemented and profited to the tune of tens of millions of dollars from the scheme to defraud Plaintiffs and Class members: David A. Steinberg (Chairman of the Board and Chief Executive Officer); Andrew B. Zeinfeld (President); Brian J. Curran (Chief Operating Officer); George Z. Moratis (Executive Vice President and Chief Accounting Officer); and Brian T. Westrick (President, Wireless Activation & Services).

[3] For example, consistent with Section 1962(c) of RICO, Plaintiffs will likely amend the CAC to allege that (a) Defendants CPG and Helgeson violated RICO by conducting the affairs of an association-in-fact enterprise consisting of CPG, Helgeson and InPhonic through a pattern of racketeering activity and (b) soon-to-be-named Defendants Steinberg, Zeinfeld, Curran, Moratis and Westrick violated RICO by conducting InPhonic's affairs through a pattern of racketeering activity. In neither instance would InPhonic be named as a defendant.

Contrary to InPhonic's assertions at the November 30, 2007 Status Conference, and its counsel's more recent written assertions, InPhonic's November 2007 bankruptcy filing does not "stay" all "further proceedings involving InPhonic" in this consumer class action. Motion to Withdraw Appearance, p. 1 (Docket # 40). It is well settled that the automatic stay provisions of Section 362(a) of the Bankruptcy Code protect *only* the debtor, property of the debtor, or property of the estate. It does *not* protect nondebtor parties or their property. Thus, the automatic stay invoked by InPhonic does *not* apply to its co-Defendants, CPG and Helgeson, and it does *not* apply to InPhonic's principal officers. *See, e.g., Seiko Epson Corp. v. Nu-Kote Int'l, Inc.*, 190 F.3d 1360, 1364-1365 (Fed. Cir. 1999) (filing of bankruptcy petition by defendant manufacturer of ink cartridges did not result in automatic stay of proceedings against non-bankrupt codefendant because codefendant was not under protection of bankruptcy court); *Teachers Ins. & Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2nd Cir. 1986) ("It is well-established that stays pursuant to § 362(a) [of the Bankruptcy Code] are limited to debtors and do not encompass non-bankrupt co-defendants."). Thus, the Section 362(a) automatic stay invoked by InPhonic does not prevent Plaintiffs from amending their CAC to assert claims against InPhonic's principal officers. *See, e.g., In re Richard B. Vance & Co.*, 289 B.R. 692, 697 (Bankr. C.D. Ill. 2003) (party's request to amend her claim against debtor in order to amend her claim against debtor and to add debtor's control persons, and party's subsequent filing of such an amended claim against control persons, were not actions taken against debtor, and did not violate automatic stay).

Nor does the bankruptcy stay excuse InPhonic from the obligation to respond to discovery requests, whether such discovery is initiated by Plaintiffs, CPG, Helgeson and/or InPhonic's principal officers. *See, e.g., In re Miller*, 262 B.R. 499, 504 (9th Cir. B.A.P. 2001)

(automatic stay did not protect debtor from having to comply with discovery requests in multi-defendant litigation); *In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litig.*, 140 B.R. 969, 977-979 (N.D. Ill. 1992) (same).

During the Status Conference held on June 18, 2007, this Court directed counsel for the parties to meet with Magistrate Judge Kay on August 16, 2007 to address any outstanding issues regarding the scope of discovery to be taken regarding Plaintiffs' anticipated motion for class certification. Due to the pendency of settlement negotiations, Plaintiffs and Defendants requested that such discovery conference with Magistrate Judge Kay be continued. Now that the anticipated nationwide class action settlement appears to be dead on arrival, Plaintiffs respectfully request this Court to reschedule that discovery conference on a date after Plaintiffs' Second Consolidated Amended Class Action Complaint has been filed.

Dated: January 11, 2008

        Respectfully Submitted,

        CLIMACO, LEFKOWITZ, PECA, WILCOX & GAROFOLI CO., L.P.A.

        By /s/ John R. Climaco
           JOHN R. CLIMACO

        888 16th Street, N.W., Suite 800
        Washington, DC 20006
        Telephone: (202) 349-9864
        E-mail: JRCLIM@climacolaw.com

SEGAL McCAMBRIDGE SINGER &
MAHONEY, LTD.


By /s/ Stephen A. Hart
    STEVEN A. HART

One IBM Plaza, Suite 200
300 North Wabash Avenue
Chicago, IL 60611
Telephone: (312) 645-7920
E-mail: shart@smsm.com

WILENTZ, GOLDMAN & SPITZER, P.A.


By /s/ Kevin P. Roddy
    KEVIN P. RODDY

90 Woodbridge Center Drive, Suite 900
Woodbridge, NJ 07095-0958
Telephone: (732) 636-8000
Facsimile: (732) 726-6686
E-mail: kroddy@wilentz.com

**Co-Lead Counsel for Plaintiffs**