UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

IN RE INPHONIC, INC., WIRELESS        :
PHONE REBATE LITIGATION               :
                                      :
_____       :        Misc. Action No. 06-0507 (ESH)
                                      :        MDL Docket No. 1792
This Document Relates To:             :
ALL CASES                             :
                                      :
_____       :

## DEFENDANT CONTINENTAL PROMOTION GROUP INC.'S MOTION TO STAY DISCOVERY AND SUPPORTING STATEMENT OF POINTS AND AUTHORITIES

Defendant, Continental Promotion Group, Inc. ("CPG"), moves this Court for an Order staying further discovery in this action until the Court has decided CPG's motion to dismiss the Second Amended Complaint. This motion is supported by the following Statement of Points and Authorities.

## STATEMENT OF POINTS AND AUTHORITIES

The Consolidated Second Amended Class Action Complaint ("Second Amended Complaint") was filed on March 21, 2008. The Second Amended Complaint asserts claims against CPG and Helgeson Enterprises, Inc. ("Helgeson"), two contract providers to InPhonic, as well as naming new defendants David A. Steinberg, Andrew B. Zeinfeld, Brian J. Curran, George Z. Moratis and Brian T. Westrick (collectively, the "Individual Defendants"). To the knowledge of CPG, the Individual Defendants have not yet entered an appearance.

CPG has filed a motion to dismiss the Second Amended Complaint in its entirety. The motion raises significant issues regarding the deficient pleading of the RICO claims. Discovery

in this action will be extremely expensive. As significant issues have been raised as to whether this claim should proceed any further, this Court should exercise its discretion to stay further discovery until the motion to dismiss has been determined.

This Court has broad discretion and the inherent power to determine discovery issues, including a stay of discovery while preliminary questions are decided. *See, e.g., White v. Fraternal Order of Police*, 909 F.2d 512, 517 (D.C. Cir. 1990) (upholding court's stay of discovery prior to issuing summary judgment rulings); *Brennan v. Local Union No. 639, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America*, 494 F.2d 1092, 1100 (D.C. Cir. 1974) (upholding trial court's broad powers to enter order precluding discovery until summary judgment motion was determined); *Sinclair National Bank v. Office of the Comptroller*, 2000 U.S. Dist. LEXIS 17968, at * 11 (D.D.C., Dec. 7, 2000); *Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority*, 201 F.R.D. 1, 3 (D.D.C. 2001), *and cases cited therein*.

This is particularly appropriate when the court has significant issues presented on a Rule 12(b)(6) motion to dismiss. The purpose of a Rule 12(b)(6) motion is to test the pleadings. *See Maljack Productions, Inc. v. Motion Picture Association of America*, 1990 U.S. Dist. LEXIS 13284, at ** 1-3, *rev. on other grounds*, 52 F.3d 373 (D.C. Cir. 1995).[1] The trial court in *Maljack* correctly looked to the purpose of Rule 12(b)(6) as allowing a defendant to challenge the legal sufficiency of a claim before it incurs the cost and burdens of discovery.

The motion to dismiss in the current case challenges the entire Second Amended Complaint. Where the motion is dispositive of the entire case, a request for stay of discovery

---

[1] While the trial court in *Maljack* was reversed on its ultimate determination on the motion to dismiss, its order granting a stay was left undisturbed by the court of appeals.

should be granted.  In *Chavous*, the trial court stated:  "It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending," quoting from *Anderson v. United States Attorney's Office*, 1992 WL 159186, at * 1 (D.D.C., June 19, 1992).  The *Chavous* court continued to find that this "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources," quoting from *Coastal States Gas Corp. v. Department of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979).

Counsel for Plaintiffs has indicated that they wish to proceed with discovery related to class certification.  This, no doubt, would involve the depositions of the named Plaintiffs, as well as representatives of CPG, InPhonic and potentially the Individual Defendants.  The cost of this discovery would involve numerous depositions taken in various parts of the country.  In accordance with the purpose of Rule 12(b)(6), CPG should not be put to this substantial cost of discovery until its motion to dismiss has been determined.

Furthermore, this will not prejudice the Plaintiffs in any fashion in this case.  Plaintiffs have recently filed a Second Amended Complaint, which dropped InPhonic as a party and named the Individual Defendants as new parties to this action.  Counsel for the new parties will no doubt need time to conduct their initial investigation and exchange any initial production under Rule 26 before commencing formal depositions.[2]  A stay of discovery until CPG's motion to dismiss is determined will not prejudice the Plaintiffs in any fashion.

CPG thus requests that this Court enter an order staying any further discovery in this action until CPG's motion to dismiss the Second Amended Complaint has been decided.

[Signature on next page]

---

[2] This motion would not prevent the exchange of the initial disclosure information between the Plaintiffs and the newly added parties.

SLK_TAM #874413-v2

Respectfully submitted,

SHUMAKER, LOOP & KENDRICK, LLP

C. Philip Campbell, Jr.
Florida Bar No. 160973
101 East Kennedy Blvd., Suite 2800 (33602)
P. O. Box 172609
Tampa, Florida 33672-0609
(813) 229-7600 / (813) 229-1660 (Fax)
pcampbell@slk-law.com
Attorneys for Continental Promotion Group, Inc.

4

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of April, 2008, the foregoing Defendant Continental Promotion Group Inc.'s Motion to Stay Discovery and Supporting Statement of Points and Authorities with proposed Order was filed with the Court's electronic filing system, which provides service on all counsel of record for Defendant, and on Interim Co-Lead Counsel and Liaison Counsel for Plaintiffs for transmission by them to other Plaintiffs' counsel not registered on the Court's electronic filing system.

_____

C. Philip Campbell, Jr.